IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> THE UNIFIED JUDICIAL SYSTEM OF PENNSYLVANIA, <br><br> Defendant, | CIVIL NO. |

# COMPLAINT

Plaintiff, United States of America, respectfully alleges:

1.  The United States brings this suit against Defendant, the Unified Judicial System of Pennsylvania (UJS), to enforce Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. §§12131-34, as amended, and its implementing regulation, 28 C.F.R. Part 35. The UJS has unlawfully discriminated against individuals with Opioid Use Disorder in its court supervision programs, in violation of Title II of the ADA, by prohibiting or otherwise limiting the use of medication prescribed to treat their disability.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over this action under Title II of the ADA, 42 U.S.C. § 12133, and 28 U.S.C. §§ 1331 and 1345.

3.  The Court may grant the relief sought in this action pursuant to 28 U.S.C. §§ 2201-2202 and 42 U.S.C. § 12133.

4.  The United States has authority to seek a remedy for violations of Title II of the

1

ADA.  42 U.S.C. § 12133; 28 C.F.R. pt. 35, Subpart F.

      5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391, because a substantial part of the events giving rise to this action occurred in this judicial district.

## PARTIES

      6.      Plaintiff is the United States of America.

      7.      Defendant UJS is established by the Constitution of Pennsylvania and consists of all of the state courts and judges in the Commonwealth of Pennsylvania including "the Supreme Court, the Superior Court, the Commonwealth Court, courts of common pleas, community courts, municipal courts in the City of Philadelphia, [and] such other courts as may be provided by law and justices of the peace."  P.A. CONST. art. V, §1.  As the state court system of Pennsylvania, the UJS is a "public entity" within the meaning of 42 U.S.C. § 12131(1) and 28 C.F.R. § 35.104 and is therefore subject to Title II of the ADA and its implementing regulation.  The Supreme Court is "the highest court in the Commonwealth of Pennsylvania," and exercises "general supervisory and administrative authority" over the entire UJS.  P.A. CONST. art. V, §§ 2, 10(a).

      8.      Complainants A, B, and C are qualified individuals with disabilities who are protected by Title II of the ADA because of their Opioid Use Disorder (OUD).  OUD is a form of drug addiction, which causes clinically significant impairment and distress, including health problems, social problems, and a failure to fulfill obligations at work, school, or home.  Complainants' OUD is a physical or mental impairment that substantially limits one or more major life activities.  42 U.S.C. § 12102(1)(A); 28 C.F.R. § 35.108(b)(2) (listing "drug addiction" among other physical and mental impairments).  Complainants are not currently engaging in the illegal use of drugs.  42 U.S.C. § 12210; 28 C.F.R. § 35.131.

**FACTS**

A. **Medication for OUD**

9. Methadone, naltrexone, and buprenorphine (including brand names Subutex and Suboxone) are medications approved by the Food and Drug Administration to treat OUD. These medications may be prescribed as part of a comprehensive treatment plan that includes counseling and other behavioral therapies.

10. Methadone and buprenorphine help diminish the effects of physical dependency to opioids, such as withdrawal symptoms and cravings, by activating the same opioid receptors in the brain targeted by prescription or illicit opioids without producing euphoria. Naltrexone, meanwhile, treats OUD by blocking opioid receptors and thereby preventing any opioid from producing rewarding effects such as euphoria or pain relief.

11. How long a patient receives OUD medication is tailored to the needs of each patient, and in some cases, treatment can be indefinite. According to the U.S. Department of Health and Human Services, Substance Abuse and Mental Health Services Administration (SAMHSA): "OUD medication can be taken on a short- or long-term basis, including as part of medically supervised withdrawal and as maintenance treatment." SAMHSA, *Treatment Improvement Protocol 63: Medications for Opioid Use Disorder* at ES-3 (July 2021). The best results, according to SAMHSA, "occur when a patient receives medication for as long as it provides a benefit," an approach referred to as "maintenance treatment." *Id.* at 1-8.

12. SAMHSA cautions that "patients who discontinue OUD medication generally return to illicit opioid use." *Id.* This is because addiction to opioids "is more than physical dependence" and actually "changes the reward circuitry of the brain, affecting cognition, emotions, and behavior." *Id.* If a patient plans to stop use of OUD medication, SAMHSA

advises that they and their providers base decisions "on knowledge of the evidence base for the use of these medications, individualized assessments, and an individualized treatment plan they collaboratively develop and agree upon. Arbitrary time limits on the duration of treatment with OUD medication are inadvisable." *Id.*

**B.    The Jefferson County Court of Common Pleas**

13.    The Jefferson County Court of Common Pleas is a component court of the UJS.

14.    The Honorable John Foradora is the presiding—and only—judge for the Jefferson County Court of Common Pleas.

15.    On August 3, 2018, Judge Foradora issued an administrative order (below) requiring all individuals under the court's supervision to be "completely clean" of any "opiate based treatment medication regardless of whether or not these drugs are prescribed," within 30 days of being sentenced. This included individuals sentenced to the court's Accelerated Rehabilitative Disposition, Probation, Parole, Intermediate Punishment, and Drug Court

> **ORDER OF COURT**
>
> AND NOW, this 3rd day of August, 2018, this Court and its probation department dealing with opiate abuse by probationers, and this Court finding that the vast majority (well in excess of 80%) of individuals prescribed with Suboxone, Methadone, Subutex and other opiate based treatment programs, abuse those drugs with regularity; and further that it makes these probationers ineffective and nearly impossible to manage; and finally, it does not appear to help the patients in any way to become productive members of society. It should be noted that among the thousands of individuals who have been on probation while prescribed these drugs, there have been less than 15 people who have successfully completed treatment and been completely weaned off of these drugs.
>
> IT IS HEREBY ORDERED AND DECREED that effective immediately but beginning with this Court's sentencing on August 15, 2018, no individual who is sentenced to ARD, Probation, Parole, Intermediate Punishment or Drug Court shall be permitted to take Suboxone, Subutex, Methadone or any other opiate based treatment medication regardless of whether not these drugs are prescribed, they will be completely clean of the substance with in 30 days of the date of their sentence or face probation revocation.
>
> IT IS FURTHER ORDERED AND DECREED that the only exception shall be pregnant probationers (who are pregnant upon commencement of probation) during pregnancy and with the permission of their obstetrician/gynecologist. These probationers shall be off opiates and free of the substance within 30 days of the end of their pregnancy.

programs.  The only individuals exempted from the court's prohibition of use of OUD medication were pregnant probationers during their pregnancy.

16.     Judge Foradora's administrative order remained in effect for over four and a half months.

17.     While it was in place, the administrative order caused individuals under the court's supervision, including Complainants A and B, significant harm.

**C.     Complainant A**

18.     Complainant A is an individual with a disability within the meaning of 42 U.S.C. § 12102 because she has OUD, a physical or mental impairment that substantially limits one or more major life activities.  28 C.F.R. § 35.108(b)(2).

19.     In 2018, while under state probation supervision, Complainant A began treatment with physician-prescribed buprenorphine, and views that treatment as essential to her recovery.

20.     In November 2018, the state transferred Complainant A's probation supervision to Jefferson County.

21.     Complainant A's Jefferson County probation officer advised her that she was subject to Judge Foradora's administrative order and that she had 30 days—until December 30, 2018—to stop taking her prescribed OUD medication.  If she failed to do so, she would be considered in violation of her probation and sent to jail.

22.     Complainant A met with her doctor and—after discussing the risks associated with tapering off her medication, including relapse and death—she attempted to comply with the court's administrative order.

23.     Complainant A's attempts to wean caused her significant physical and emotional distress.  Complainant A felt nauseous and achy, had trouble getting out of bed, had a reduced

appetite, and experienced mood swings that severely strained her personal relationships.

24. After Judge Foradora rescinded his administrative order on December 21, 2018, Complainant A's physician immediately returned her to her previous dosage. At her next medical appointment, she reported feeling "much improved" with no cravings or withdrawal symptoms.

**D.    Complainant B**

25. Complainant B is an individual with a disability within the meaning of 42 U.S.C. § 12102 because she has OUD, a physical or mental impairment that substantially limits one or more major life activities. 28 C.F.R. § 35.108(b)(2).

26. Complainant B was prescribed buprenorphine in 2018 as part of her treatment for OUD, which she says allows her to be a functioning homeowner, parent, and responsible member of society.

27. In September 2018, facing criminal charges, Complainant B entered the Jefferson County Court's Accelerated Rehabilitative Disposition program, which is designed to keep first time offenders out of jail.

28. As with Complainant A, Complainant B's Jefferson County probation officer told her that, pursuant to Judge Foradora's order, she had to stop using her OUD medication.

29. Complainant B attempted to comply with the court's administrative order, which caused her significant emotional distress and significant withdrawal symptoms, including insomnia, cramps, abdominal pain, nausea, and vomiting.

30. Complainant B required emergency treatment as a result of her withdrawal symptoms on at least one occasion.

31. When Complainant B's initial efforts to taper were unsuccessful, Jefferson

County probation referred her to an inpatient residential treatment program for the express purpose of detoxing her off her OUD medication. She spent more than a month at the facility but was ultimately unable to fully taper.

32. After Judge Foradora rescinded his administrative order on December 21, 2018, Complainant B returned to being treated by a physician with OUD medication and has continued with such treatment.

**E.    The Northumberland County Court of Common Pleas Drug Court Program**

33. The Northumberland County Court of Common Pleas is a component court of the UJS.

34. The Northumberland County Drug Court program, administered by the Northumberland County Court of Common Pleas, provides an alternative to incarceration for individuals with substantial but non-violent and non-sexual criminal histories and "current addiction issues."

35. Participants must comply with various program requirements. These include submitting to frequent drug testing, engaging in treatment, and reporting regularly to the drug court and to their probation officer.

36. To graduate from the program, participants must complete three sequential phases, structured to last 18 months.

37. The Honorable Paige Rosini of the Northumberland County Court of Common Pleas oversees the drug court program with the assistance of a treatment court team (hereafter, "Treatment Court Team" or "Team"). The Team includes representatives from Northumberland County's Adult Probation and Drug & Alcohol Departments and a representative from a private provider of treatment services.

38. Judge Rosini bears ultimate responsibility for determining who is admitted to the drug court and whether they advance or graduate.

**F.    Complainant C**

39. Complainant C is an individual with a disability within the meaning of 42 U.S.C. § 12102 because she has OUD, a physical or mental impairment that substantially limits one or more major life activities. 28 C.F.R. § 35.108(b)(2).

40. Since at least 2016, Complainant C has been prescribed buprenorphine by a physician as part of her OUD treatment plan. Buprenorphine has helped her stay stable, enabling her to buy a house, start a small business, and be a better parent to her young child.

41. Complainant C was admitted to the Northumberland County Drug Court on or about October 2016 after pleading guilty to driving under the influence.

42. Judge Rosini and the Treatment Court Team were concerned about Complainant C's use of buprenorphine and informed her that to continue or advance in the program she would need to stop taking her prescribed medication. The Team then took various steps to achieve this end.

43. The Team sent Complainant C to an in-patient treatment rehabilitation facility to be detoxed from buprenorphine.

44. The Team referred Complainant C to an abstinence-based intensive outpatient treatment provider that restricted her participation because of her OUD medication.

45. The Team delayed Complainant C's progression through the successive phases of drug court because of her failure to taper off her medication, despite the fact that she otherwise satisfied the criteria for advancement and graduation.

46. For more than two years, the Team repeatedly directed Complainant C to stop

using her medication despite being informed by her doctor that Complainant C was doing well on buprenorphine and that tapering her off of it "could put her at increased risk of relapse, overdose, and death."

47. Complainant C made multiple attempts to comply with the Team's directives and experienced significant emotional distress and severe side effects as a result, including loss of appetite and energy, body aches, soreness, backpain, diarrhea, depression, and anxiety.

48. Ultimately, Complainant C stopped trying to taper when her symptoms and opioid cravings increased to the point that she feared she would relapse.

49. Complainant C was finally permitted to graduate from drug court in October 2020, after spending four years in what is typically a less-than-two-year program.

50. Complainant C had spent more time in drug court than any other participant in the program's history.

**G.    Other Pennsylvania Treatment Court Programs**

51. The United States alleges that other UJS courts have or had policies that prohibit or otherwise limit the use of OUD medication by individuals in "treatment court" programs providing court supervision. These treatment court programs, which include drug treatment, mental health, and veterans courts, are also referred to as "problem-solving courts" in Pennsylvania.

52. Some of these policies explicitly ban specific forms of OUD medication. Others are inconsistent in how they address OUD medication and its use.

53. The Allegheny County Court of Common Pleas' Mental Health Court requires court approval for OUD medication, and cautions that permission to use OUD medication is granted "only on rare occasions" and that "[i]f a regularly prescribing physician feels that a client

needs to be on any prohibited prescription continuously to sustain a certain quality of life, then the client may not be acceptable to participate in the Mental Health Court Program."

54. The Blair County Court of Common Pleas prohibits participants in its treatment courts who have OUD from taking any OUD medication other than Vivitrol (i.e., naltrexone). It does not allow the use of other commonly prescribed medications such as methadone or buprenorphine.

55. The Butler County Court of Common Pleas' Drug Treatment Court, until June 2021, stated in its publicly-available policy manual that it did not allow the use of methadone or suboxone while in the program.

56. The Clinton County Court of Common Pleas' three treatment courts all restrict participants from getting OUD medication outside of that small rural county.

57. The Delaware County Court of Common Pleas' policies for its three treatment courts on its website all prohibit use of "[m]aintenance drugs in any form such as Vivitrol, Subutex, Suboxone, Methadone, Buprenorphine, and Naltrexone…."

58. The York County Court of Common Pleas' policies for its DUI and Mental Health Courts on its website ban the use of methadone and suboxone.

## CAUSE OF ACTION
### Violation of Title II of the Americans with Disabilities Act
### (42 U.S.C. §§ 12131-12134)

59. The foregoing paragraphs are incorporated herein.

60. All conditions precedent to the filing of this Complaint have occurred or been performed. *See* 28 C.F.R. Part 35, Subpart F.

61. Defendant UJS, through the acts and omissions of its component courts, has directly, or through contractual, licensing, or other arrangements, violated Title II of the ADA,

42 U.S.C. §§ 12131-12134, and its implementing regulation, 28 C.F.R. Part 35, by discriminating on the basis of disability, including by:

      a)      denying qualified individuals with disabilities, including the individuals identified herein, an equal opportunity to participate in or benefit from its services, programs, or activities—including probationary and treatment court supervision—in violation of 28 C.F.R. § 35.130(a)-(b);

      b)      imposing or applying unnecessary eligibility criteria that screen out or tend to screen out an individual with a disability, including the individuals identified herein, or any class of individuals with disabilities from fully and equally enjoying any service, program, or activity. 28 C.F.R. § 35.130(b)(8).

      c)      utilizing criteria or methods of administration that (i) have the effect of subjecting qualified individuals with disabilities, including the individuals identified herein, to discrimination on the basis of disability; and (ii) have the purpose or effect of defeating or substantially impairing accomplishment of the objectives of Defendant's programs in which such individuals are participating. 28 C.F.R. § 35.130(b)(3).

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff United States prays that the Court:

      A.      Grant judgment in favor of the United States and declare that Defendant UJS has violated Title II of the ADA, 42 U.S.C. §§ 12131-12134, and its implementing regulation, 28 C.F.R. Part 35;

      B.      Enjoin Defendant and its agencies, agents, employees, instrumentalities, successors, and all persons in active concert or participation with it from engaging in discriminatory policies and practices against individuals with disabilities or otherwise violating

Title II of the ADA and its implementing regulation;

      C.      Require Defendant to adopt or revise its policies to explicitly state that no court within the UJS may discriminate against, exclude from participation, or deny the benefits of their services, programs, or activities—including county court proceedings, probationary programs, and treatment courts—to qualified individuals with disabilities because they take prescribed OUD medication;

      D.      Order Defendant to identify one or more employees responsible for monitoring the compliance of courts within the UJS with the ADA, training court staff, and overseeing investigations and resolutions of ADA complaints or grievances;

      E.      Order Defendant to update its complaint process as needed, to ensure that ADA-related complaints filed against any court in the UJS are promptly reviewed, investigated, and equitably resolved in compliance with 28 C.F.R. § 35.107;

      F.      Order Defendant to train and educate all court staff about OUD and the nondiscrimination requirements of Title II of the ADA;

      G.      Award compensatory damages to the Complainants and other aggrieved individuals for injuries caused by the ADA violations alleged in this Complaint;

      H.      Order such other appropriate relief as the interests of justice may require.

## DEMAND FOR JURY TRIAL

Plaintff demands a trial by jury as to all issues, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Electronically filed on: February 24, 2022

Respectfully submitted,

/s/ *Jennifer Arbittier Williams*
JENNIFER ARBITTIER WILLIAMS
United States Attorney for the Eastern District of Pennsylvania

GREGORY B. DAVID
Assistant United States Attorney
Chief, Civil Division

CHARLENE KELLER FULLMER
Assistant United States Attorney
Deputy Chief, Civil Division

/s/ *Jacqueline C. Romero*
JACQUELINE C. ROMERO
Assistant United States Attorney
United States Attorney's Office
Eastern District of Pennsylvania
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
Telephone: 215-861-8200
Jacqueline.Romero@usdoj.gov

/s/ *Kristen Clarke*
KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

REBECCA B. BOND
Chief

/s/ *David W. Knight*
KATHLEEN P. WOLFE
Special Litigation Counsel
KEVIN KIJEWSKI
Deputy Chief
DAVID W. KNIGHT
Trial Attorney
ADAM F. LEWIS
Trial Attorney

Disability Rights Section
Civil Rights Division
U.S. Department of Justice
150 M Street NE
Washington, D.C. 20530
Telephone: 202-307-0663
David.Knight@usdoj.gov
Adam.Lewis@usdoj.gov

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

### DEFENDANTS
The Unified Judicial System of Pennsylvania

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Philadelphia County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
David Knight/Adam Lewis
DOJ/Disability Rights Section/Civil Rights Division
950 Pennsylvania Ave. NW, Washington, DC 20503

Attorneys *(If Known)*
Robert J. Krandel, Legal Counsel, Supreme Court of PA,
Admin Office of PA Courts, 1515 Market St., Ste. 1414,
Phila, PA / (215) 560-6300

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question *(U.S. Government Not a Party)*
[ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [X] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from Another District *(specify)*
[ ] 6 Multidistrict Litigation - Transfer
[ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title II of the ADA, 42 U.S.C. §§ 12131-34

Brief description of cause:
Unlawful discrimination by UJS against individuals with Opioid Use Disorder in court supervision programs by prohibiting/limiting prescribed meds.

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: Feb 24, 2022

SIGNATURE OF ATTORNEY OF RECORD
/s/ David W. Knight

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
   United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
   United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
   Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
   Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
   Original Proceedings. (1) Cases which originate in the United States district courts.
   Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
   Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
   Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
   Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
   Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
   Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
   **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
   Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
   Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 950 Pennsylvania Ave. NW, Washington, DC

Address of Defendant: Administrative Office of PA Courts, 1515 Market St., Ste 1414, Philadelphia, PA

Place of Accident, Incident or Transaction: Administrative Office of PA Courts, 1515 Market St., Ste 1414, Philadelphia, PA

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes [ ] No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes [ ] No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes [ ] No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes [ ] No [✓]

I certify that, to my knowledge, the within case [ ] is / [●] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 02/24/2022   *(signature)* David V. Knight   MDAN 0412140410
        Attorney-at-Law / Pro Se Plaintiff   Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [ ] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [✓] All other Federal Question Cases
    *(Please specify):* Title II of ADA, 42 USC §§ 12131-34

B. *Diversity Jurisdiction Cases:*
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, David Knight, counsel of record *or* pro se plaintiff, do hereby certify:

[ ] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[✓] Relief other than monetary damages is sought.

DATE: 02/24/2022   *(signature)* David V. Knight   MDAN 0412140410
        Attorney-at-Law / Pro Se Plaintiff   Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)