

Supreme Court of Pennsylvania
ADMINISTRATIVE OFFICE OF PENNSYLVANIA COURTS
1515 Market Street, Suite 1414
Philadelphia, PA 19102
(215) 560-6300
www.pacourts.us

April 29, 2022

Hon. Mitchell S. Goldberg
United States District Court
Eastern District of Pennsylvania
United States Courthouse, Room 17614
601 Market Street
Philadelphia, PA  19106

Re:  *United States v. The Unified Judicial System*, No. 22-cv-709 (E.D. Pa.)

Dear Judge Goldberg,

Per the Court's protocol Order governing prospective motions to dismiss under Fed.R.Civ.P. 12(b), a pre-motion conference is requested by Defendant, the Unified Judicial System (the "UJS" or "Defendant").

Plaintiff, the United States of America (the "United States" or "Plaintiff"), has commenced a civil action which seeks to hold to account, and enjoin, Pennsylvania's entire judicial system based primarily on a few asserted, closed-ended instances by local courts.

The case arises under Title II of the Americans with Disabilities Act.[1]  Consistent with the ADA, Defendant UJS maintains a policy – prescribed in Pennsylvania's Rules of Judicial Administration and applicable to courts throughout the Commonwealth – "prohibit[ing] discrimination against any individual with a disability, as defined by [the ADA]." Pa.R.J.A. 250; *see also id.* Pa.R.J.A. 251 ("These rules shall apply to each UJS entity.").  UJS leaders have also implemented extensive measures designed to infuse the Commonwealth's judicial system with safeguards for the rights of individuals with disabilities to enjoy equal access to the judicial system.

Ignoring this, the United States has filed a complaint against the entire state court system premised on the core allegation that two of Pennsylvania's sixty judicial districts violated Title II of the ADA during their direct supervision of three criminal offenders, in that these individuals were prohibited from using medication-assisted treatment ("MAT") to treat opioid use disorder ("OUD") within limited time periods.  In other words, the United States seeks to impugn

---

[1] The Americans with Disabilities Act of 1990, Pub. L. 101-336, §§ 202-205, 104 Stat. 327, 337-53 (1990) (codified as amended in scattered sections of Title 42 of the U.S. Code) ("Title II of the ADA" or "Title II").

1

Pennsylvania's entire Unified Judicial System, consisting of a diverse collection of court and court-related entities, most of which had nothing to do with Plaintiff's claims. To support systemwide liability, the United States says only that the courts it has identified as offenders are "component courts" of the UJS.

This component-courts theory, however, is legally unviable. The UJS simply is not an organizational entity that can or should be held accountable for supervision of criminal offenders at the local level. Indeed, the immunity enjoyed by Defendant under the Eleventh Amendment to the United States Constitution should pertain at the systemic level, at least in the absence of some allegation of a material nexus to systemwide actions or decision making.

The Third Circuit's decision in *Geness v. AOPC*, 974 F.3d 263 (3d Cir. 2020), amply illustrates both of these points. *See, e.g. id.* at 277 (explaining the administrative arm of the UJS simply cannot be "required to closely monitor, deeply evaluate, and consider intervening in every criminal case pending in the Commonwealth," and thus, the plaintiff failed to state a claim under Title II and the administrative office's sovereign immunity remained intact); *see also King v. Indiana Supreme Court*, No. 1:14-cv-01092, *slip op.*, 2015 WL 2092848 (S.D. Ind. 2015) (holding that higher tiers of a judicial system could not be held liable based on a complaint in which the plaintiff cited "no legal authority supporting his belief that public entities not alleged to have been involved in or even aware of the decision forming the basis for the ADA claim can be liable for that decision").[2]

Although not strictly necessary to support dismissal, the UJS will also ask this Court to recognize that this federal litigation directed to a state judicial system as a whole is particularly inappropriate, where court leaders at the higher tiers of the UJS both admonish county courts that they are required to comply with the governing federal law and provide ample support, education and training – including a certification program for treatment courts – to aid local courts in satisfying their own essential obligations. In other words, compounding its legal insufficiency, the misdirected strategy pursued by the United States in this matter also implicates strong federalism concerns.

Plaintiff also lacks standing. The enforcement provision of Title II – namely, Section 203 – specifies that the remedies, procedures and rights of the subchapter are provided "to any *person* alleging discrimination on the basis of disability[.]" 42 U.S.C. § 12133 (emphasis added). Since the sovereign is not a person, *Return Mail, Inc. v. USPS*, 139 S.Ct. 1853, 1861-62 (2019), the United States lacks enforcement power and, concomitantly, has no standing here.

This plain-meaning interpretation of Section 203 is reinforced by Congress's approach of explicitly empowering the Attorney General of the United States to enforce Titles I and III of the

---

[2] In the complaint, the United States has also included a passage suggesting that six other Pennsylvania county courts "have or had" policies that "prohibit or otherwise limit" the use of OUD medication by individuals in treatment-court programs. Complaint at ¶51 (emphasis added). Defendant will demonstrate, however, that these allegations cannot resuscitate the Plaintiff's component-courts theory, since it does not transform the nature of the UJS or alter the *Geness* and *King* rationale that discrete actions by local courts are not redressable at the systemic level.

ADA. *See, e.g.*, 42 U.S.C. § 12117(a) (prescribing, for Title I purposes, that the rights, procedures and remedies under this distinct subchapter are provided "to the Attorney General, *or* to any person alleging discrimination on the basis of disability[.]") (emphasis added); *accord id.* § 12188(b)(B) (reflecting a similar allocation of enforcement authority to the Attorney General pertaining to Title III). But, as reflected above, there is no such reference to enforcement authority on the part of the federal government in Title II. And it is well settled that, "where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Russello v. U.S.*, 464 U.S. 16, 23 (1983) (citation omitted).

Separately, to the extent the United States has standing to litigate an enforcement action under Title II of the ADA, it is required to both determine that compliance with Title II "cannot be secured by voluntary means," 42 U.S.C. § 2000d-1, and to make a good-faith assertion that it has done so in the complaint. *See U.S. v. Arkansas*, No. 4:10CV00327, 2011 WL 251107, at *4 (E.D. Ark. Jan. 24, 2011) ("Because [DOJ] is not entitled to seek relief unless it has '. . . determined that compliance cannot be secured by voluntary means[,] it would seem that [Fed.R.Civ.P.] 8(a) requires that the complaint include allegations sufficient to indicate that those prerequisites to suit have been met." (quoting 42 U.S.C. § 2000d-1)). No such assertion appears in Plaintiff's complaint.

Defendant will also demonstrate that Plaintiff cannot in good faith make such an assertion, where the UJS already maintains an extensive ADA-compliance infrastructure integrated into the state court system and has throughout expressed its continued receptivity to Plaintiff's input into potential improvements. Indeed, on February 23, 2022, the Court Administrator of Pennsylvania, Geoff Moulton, sent a letter to the DOJ that both presented a "firm representation and assurance of the Pennsylvania courts' commitment to comply fully with the requirements of Title II of the [ADA] and its implementing regulations," and renewed earlier requests for information about claimed damages and advice about particular training materials or best practices that DOJ would recommend. The next day, however, without responding to any of these overtures, Plaintiff proceeded to file the present complaint.

Finally, several of Plaintiff's claims are time-barred on their face, as they were asserted more than three years after the alleged harm ceased.

Thank you for your consideration.

Respectfully yours,

GERI ROMANELLO ST. JOSEPH
Counsel for the Unified Judicial System

GRS:lh

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
|                            *Plaintiff* | :   CIVIL ACTION |
| | :   NO. 22-0709 |
| v. | : |
| THE UNIFIED JUDICIAL SYSTEM OF PENNSYLVANIA | : |
| | :   HON. MITCHELL S. GOLDBERG |
|                           *Defendant* | :   ***ELECTRONICALLY FILED*** |

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on April 29, 2022, he personally caused to be served upon the following a true and correct copy of the foregoing *Pre-Motion Letter,* via ECF to:

**David W. Knight, Esquire**
Civil Rights Division
Disability Rights Section
USAO Program Coordinator
950 Pennsylvania Avenue, NW
4-CON
Washington, DC 20530
Email: david.knight@usdoj.gov

**Adam F. Lewis, Esquire**
DOJ-Crt
Civil Rights Division
4 Constitution Square
150 M Street NE
Washington, DC 20530
Email: adam.lewis@usdoj.gov

**{See Signature on Next Page}**

**JACQUELINE CHRISTINE ROMERO**
US ATTORNEY'S OFFICE
615 CHESTNUT STREET
PHILADELPHIA, PA 19106
Email: jacqueline.romero@usdoj.gov

/s/ Robert Krandel
**ROBERT J. KRANDEL**
Attorney I.D. No. PA 89485
Supreme Court of Pennsylvania
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
(215) 560-6326, Fax: (215) 560-5486
E-mail: legaldepartment@pacourts.us
**Counsel for the Unified Judicial System of Pennsylvania**