

**U.S. Department of Justice**

Civil Rights Division

---

*Disability Rights Section*
*4 Constitution Square*
*150 M St., NE*
*Washington, DC  20530*

May 6, 2022

Hon. Mitchell S. Goldberg
U.S. District Court for the E.D. of Pennsylvania
Room 17614, 601 Market Street
Philadelphia, PA 19106

      Re:    <u>United States v. Unified Judicial System of Pennsylvania</u>, No. 2:22-cv-00709-MSG (E.D. Pa.)

Dear Judge Goldberg:

      Pursuant to the Court's 12(b) Procedural Order, the United States hereby responds to Defendant's April 29, 2022, letter.

      The United States has alleged that the Unified Judicial System of Pennsylvania (UJS) violates Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12131-12134, by prohibiting or otherwise limiting the access of individuals with Opioid Use Disorder (OUD) to lawfully prescribed medication that is critical to their health and survival.  Compl. ¶¶ 9-12, 15, 42, 51-58; ECF No. 1.  The United States has identified eight specific county courts in the UJS that engaged in such discrimination and three individuals who suffered significant harm as a result.  Compl. ¶¶ 15, 18-24, 25-31, 39-50, 51-58.  Finally, the United States has alleged that the UJS is a single "unified" court system that must answer for its discriminatory conduct and can ensure such conduct is not repeated.  Compl. ¶¶ 7, 61.[1]

      In its pre-motion to dismiss letter, the UJS attempts to minimize the harm alleged; attack the United States' well-established authority to bring suit under the ADA; disavow liability for its discriminatory treatment of individuals with disabilities by referencing general policy efforts that are not alleged in the complaint and have plainly failed to prevent the discrimination; and advance vague and cursory federalism and statutes of limitations arguments that have no legal support or a factual basis in the complaint.  The United States asks that the Court reject these arguments and encourage the UJS to permit this case to advance efficiently.

<u>The United States Has Authority to Sue the UJS for Violating Title II</u>

      Title II of the ADA prohibits public entities, such as States and state agencies, from discriminating based on disability.  42 U.S.C. §§ 12131(1)(A)-(B), 12132.  The UJS asserts the United States lacks the power to enforce Title II because it is not a "person" as contemplated by Title II's enforcement provision.  This argument is simply wrong.

---

[1] For a motion to dismiss, the factual allegations in the complaint should be accepted as true.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Aside from one reversed district court opinion outside this Circuit, all courts to consider this question—including courts in this district and the only Circuit court to consider the question—have recognized the Attorney General's authority to sue to enforce Title II of the ADA. *See United States v. Florida*, 938 F. 3d 1221, 1246-48, 1250 (11th Cir. 2019), *reh'g en banc denied*, 21 F. 4th 730 (11th Cir. 2021), *petition for cert. filed*, No. 21-1384 (Apr. 21, 2022); *Smith v. City of Phila.*, 345 F. Supp. 2d 482, 489-90 (E.D. Pa. 2004) (concluding the United States could pursue suit even though the individual plaintiff's federal claims were dismissed). The United States has statutory enforcement authority because the "remedies, procedures, and rights" that Title II affords a "person alleging discrimination" include the possibility of the Attorney General filing a lawsuit to address that alleged discrimination. 42 U.S.C. § 12133 (providing, through a series of statutory cross references, that such a person is entitled to the "remedies, procedures, and rights" set forth in Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.*, which include the prospect of an enforcement action by the Attorney General, *id.* § 2000d-1; *Smith*, 345 F. Supp. 2d at 490). That is exactly what has happened here.

As for the UJS's distinct suggestion that it should be immune from this suit under the Eleventh Amendment, this too is without merit. A settled feature of our constitutional plan and federal system is that "States retain no sovereign immunity as against the Federal Government." *West Virginia* v. *United States*, 479 U.S. 305, 311 n. 4 (1987). Congress has explicitly abrogated state Eleventh Amendment immunity from suit under the ADA. 42 U.S.C. § 12202. And it is not the exception—but the rule—that the United States has power to enforce civil rights laws against the States.

<u>The United States Has Stated A Plausible Claim Against the UJS</u>

The UJS does not dispute that the state courts of Pennsylvania provide various programs, services, and activities that are covered by the ADA, including the supervision and treatment court programs at issue here. Instead, the UJS argues it is not an "organizational entity that can or should be held accountable" for the actions of local courts. Def.'s Ltr. 2. This argument is belied by the plain language of the Pennsylvania Constitution and by Third Circuit case law.

The Pennsylvania Constitution makes clear that the judicial power of the Commonwealth is vested in a "unified judicial system" that encompasses all of the courts in the Commonwealth and is subject to the centralized supervisory and administrative authority of the Supreme Court. P.A. CONST. art. V, §1, 10(a). Courts in the Third Circuit have repeatedly affirmed that county courts of common pleas as well as the probation and parole departments they oversee are part of the UJS. *See, e.g., Haybarger v. Lawrence Cnty. Adult Prob. and Parole,* 551 F.3d 193, 190 (3d Cir. 2008) (holding that the Commonwealth of Pennsylvania "vests judicial power in a unified judicial system, and all courts and agencies of the UJS are part of the Commonwealth government rather than local entities"). And they have accordingly treated the UJS as a unitary state entity that, when appropriate, can use the Eleventh Amendment to shield its component courts from liability in private actions but, on the other hand, must answer for the discriminatory conduct of those same component courts. *See, e.g., Giordano v. Unified Judicial System of Pennsylvania,* 2021 WL 1193112, at *1, *4 (E.D. Pa. Mar. 30, 2021) (permitting ADA claims for injunctive relief by terminated Superior Court employee to proceed against the UJS and noting that the UJS is a "Pennsylvania government agency that serves as the unified state court system of the Commonwealth of Pennsylvania," and includes the Superior Court).

2

In light of these constitutional provisions and case law, the United States has plausibly alleged that the UJS is liable for the discriminatory conduct detailed in the complaint and can provide the relief sought.  The UJS's reliance on *Geness v. Administrative Office of Pennsylvania Courts*, 974 F.3d 263 (3d Cir. 2020), to suggest otherwise is misplaced.  The Third Circuit's determination that the Administrative Office of Pennsylvania Courts (AOPC) was not liable under the ADA for the court system's mishandling of Mr. Geness's case hinged on the recognition that AOPC's powers, as alleged, did not allow it to hold the criminal trial that Mr. Geness had been purportedly denied.  *Id.* at 278.  In other words, AOPC did not and could not provide the service to which Mr. Geness had sought access.  No such issue exists here as the United States has sued the UJS, not AOPC.  The UJS provides the court supervision services and treatment court programs at issue here and has the power to ensure that individuals with OUD are not denied their legally prescribed medication as a condition of participation.[2]

The UJS's assertion that the United States has not satisfied or adequately pled that it has attempted to secure compliance by voluntary means is also baseless.  "[P]leading of conditions precedent is governed by Rule 9(c), not Rule 8(a)," *Hildebrand v. Allegheny Cty.*, 757 F.3d 99, 112 (3d Cir. 2014), and Federal Rule of Civil Procedure 9(c) provides that when "pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed."  The United States has alleged exactly that.  Compl. ¶ 60.  Moreover, the United States denies the UJS's claim made outside of the pleadings that it has not engaged in efforts to resolve the violations identified.  Pursuant to 28 C.F.R. Part 35, Subpart F, the United States only filed suit after issuing a Letter of Findings and attempting, without success, to secure the UJS's voluntary compliance.  Since filing, the United States has reiterated to the UJS that it remains open to and interested in reaching a resolution.

Finally, the United States' ADA claim is not time barred.  There is no statute of limitations for declaratory or equitable relief applicable to actions by the United States under the ADA.  *See United States v. Banks*, 115 F.3d 916, 919 (11th Cir. 1997).  And the UJS fails to cite any authority to the contrary or to otherwise explain why the United States' claim would be time barred given that it includes allegations regarding discrimination against Complainant C in 2020 and recent or current discriminatory policies prohibiting or limiting the use of OUD medication by individuals under court supervision in Allegheny, Blair, Butler, Clinton, Delaware, Northumberland, and York counties.  Comp. ¶¶ 33-58.

For the foregoing reasons, the United States respectfully requests that the Court reject the UJS's proffered arguments and encourage an efficient resolution of this matter that conserves the resources of the parties and the Court.

                                                 Sincerely,

                                                 /s/ *David W. Knight*
                                               DAVID W. KNIGHT
                                               ADAM F. LEWIS
                                               Counsel for the United States

---

[2] The UJS's citation to *King v. Indiana Supreme Court*, No. 1:14-cv-01092, slip op., 2015 WL 2092848 (S.D. Ind. 2015), is also misplaced.  As the Court made clear in that decision, "Indiana does not have a unified trial court system."

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on May 6, 2022, he personally caused to be served upon the following a true and correct copy of the foregoing letter, via ECF to:

Robert J. Krandel<br>
Gery Romanello St. Joseph<br>
Supreme Court of Pennsylvania<br>
Administrative Office of Pennsylvania Courts<br>
1515 Market Street, Suite 1414<br>
Philadelphia, PA 19102

*Counsel for the Unified Judicial System of Pennsylvania*

Dated: <u>May 6, 2022</u>              <u>/s/ David W. Knight</u>
                                                        DAVID W. KNIGHT
                                                       ADAM F. LEWIS
                                                       Civil Rights Division
                                                       Disability Rights Section
                                                       USAO Program Coordinators
                                                       950 Pennsylvania Avenue, NW
                                                       4-CON
                                                       Washington, DC 20530

*Counsel for the United States*