

**Supreme Court of Pennsylvania**
ADMINISTRATIVE OFFICE OF PENNSYLVANIA COURTS
1515 Market Street, Suite 1414
Philadelphia, PA 19102
(215) 560-6300
www.pacourts.us

April 30, 2021

**Via email (Adam.Lewis@usdoj.gov)**
Adam Lewis, Esq.
U.S. Department of Justice
Civil Rights Division
Disability Rights Section
950 Pennsylvania Ave NW
Washington, DC 20530

    **Re:**    **ADA Investigation DJ # 204-63-139**

Dear Mr. Lewis:

    Below are response to the four requests you made in your letter dated March 8, 2021.

**Request 1**

    The Constitution of Pennsylvania establishes the Unified Judicial System of Pennsylvania ("UJS"). Pa. Const. art. V, § 1. "[T]he supreme judicial power of the Commonwealth [is] reposed" in the Supreme Court of Pennsylvania. Pa. Const. art. V, § 2(a). In addition to its judicial power, the Supreme Court has "general supervisory and administrative authority over all the courts...." Pa. Const. art. V, § 10(a).

    The courts of common pleas are established under the Pennsylvania Constitution and laws as separate legal entities of the UJS, responsible for trying cases of original jurisdiction. *See* Pa. Const. art. V, §§ 1, 5; 42 Pa.C.S. §§ 301(4), 901, 911, 912. Thus, each court of common pleas, as part of a judicial district,

administers its own problem-solving courts as a judicial function of trying cases. The Supreme Court does not dictate the judicial functions of any district, nor does the Supreme Court administer problem-solving courts for a judicial district. *E.g.*, *Geness v. Admin. Off. of Pa. Cts.*, 974 F.3d 263, 278 (3d Cir. 2020) (discussing the judicial functions of the courts of common pleas in regard to Title II of the ADA). Nor does the Supreme Court provide services, programs or activities to individuals in problem-solving courts.

Your letter suggests that AOPC may be treated synonymously with the Supreme Court of Pennsylvania. That is a simplistic and incorrect characterization of the Pennsylvania court system's organizational structure.

The Supreme Court appoints the Court Administrator of Pennsylvania ("Court Administrator") to assist in carrying out the Supreme Court's administrative authority. *See* Pa. Const. art. V, § 10(a), (b); 42 Pa.C.S. §§ 1701, 1901. AOPC's assigned role under Pennsylvania law is to assist the Supreme Court of Pennsylvania in supporting the UJS and its component parts. *See* Pa. R.J.A. No. 505. Much like the Supreme Court, AOPC does not provide services, programs, or activities to individuals in problem-solving courts. *Geness*, 974 F.3d at 278 (3d Cir. 2020).

**Request 2**

Included with this response is a copy of NADCP Best Practices Volume I. AOPC's Problem Solving Courts Coordinator provides this resource if a problem-solving court reaches out and asks for guidance regarding treatment courts.

**Request 3**

We previously provided you with complete copies, or relevant portions, of manuals and handbooks from the judicial districts listed in this request.

**Request 4**

To respond to this question, AOPC/Legal reviewed information regarding problem-solving courts in the Commonwealth. Our study revealed only one court, the Court of Common Pleas of Blair County, that as a matter of policy limits MAT. That court limits MAT users to Vivitrol.

In light of DOJ's inquiry, and the fact that it is the only court in Pennsylvania that is reported to have a policy limiting MAT, Blair County is considering a policy that would allow all forms of MAT. That process is now underway, but we do not have a timetable as to when it might be completed.

Should you have any further questions, please let us know.

>Very truly yours,
>
>**/s/ Robert J. Krandel**
>
>Robert J. Krandel