

Supreme Court of Pennsylvania
ADMINISTRATIVE OFFICE OF
PENNSYLVANIA COURTS
1515 Market Street, Suite 1414
Philadelphia, PA 19102
(215) 560-6326
www.pacourts.us

June 5, 2023

Hon. Mitchell S. Goldberg
United States District Court
Eastern District of Pennsylvania
United States Courthouse, Room 17614
601 Market Street
Philadelphia, PA 19106

      Re:   *United States v. Unified Judicial System, et al.,*
               *No. 22-cv-709 (E.D. Pa.)*

Dear Judge Goldberg,

      Per the Court's protocol Order governing prospective motions to dismiss under Fed.R.Civ.P. 12(b), defendant the Unified Judicial System (the "UJS") requests a pre-motion conference.

      In this civil litigation arising under the Americans with Disabilities Act,[1] the plaintiff, the United States of America, has now filed serial complaints seeking to impose liability on an entire state judicial system for alleged local infractions by a few county-level judicial districts. This Court dismissed the original complaint for failing to state a claim, explaining: "While court-related administrative entities often have systemwide oversight responsibilities, they cannot be held liable for judicial decision-making in individual cases." ECF No. 26, at 9 (citing *Geness v. AOPC*, 974 F.3d 263 (3d Cir. 2020)). The Court further observed that the United States had failed to identify any standard for

---

[1] The Americans with Disabilities Act of 1990, Pub. L. 101-336, §§ 202-205, 104 Stat. 327, 337-53 (1990) (codified as amended in scattered sections of Title 42 of the U.S. Code) ("Title II of the ADA" or "Title II").

which an entire judicial system may be held liable for the acts of its component courts. *See id.* at 14.

The United States' newly filed amended complaint fails equally in both respects. More broadly, for the reasons indicated in the brief supporting the UJS's original motion to dismiss, *see* ECF No. 18, at 9-15, the UJS is not an organizational entity that can or should be held to account for local infractions, even if such violations could be characterized as "categorical policies" at the local level. *See id.* Along these lines, the Court has already ruled that federal law does not require UJS leaders to somehow micromanage the supervision of criminal offenders by the sixty county-level judicial districts. *See* ECF No. 26, at 9.[2]

Despite the purport of the Court's prior ruling, the United States also seeks to add the Supreme Court of Pennsylvania as a defendant. See ECF No. 28, at 4 ¶12. But, like the UJS which the state Supreme Court leads, that Court also stands in a remote posture relative to—and does not bear liability for—alleged local infractions. Further, the United States now also seeks to add four Pennsylvania judicial districts as defendants, *see id.* at 5 ¶¶13-16, none of which is located within the boundaries of the Eastern District of Pennsylvania.[3]

What's more, the United States continues to give no account for the robust, systemwide policies and practices implemented by the UJS and the Supreme Court of Pennsylvania requiring local courts to comply with Title II of the ADA and empowering them with relevant tools, education, and training. And, notably, the United States does not allege that any of the six complainants it has loosely identified in the amended complaint ever invoked the accommodation-and-grievance procedure offered throughout the Pennsylvania justice system, much less was denied any accommodation under that procedure. *See* ECF No. 18 at 18-19.[4]

---

[2] The United States now asserts that at least eleven local courts have committed ADA violations via "categorical" restrictions on the use of medicine-assisted treatment by criminal offenders under court supervision. *See, e.g.*, ECF No. 28, at 2 ¶3. But this assertion with respect to seven judicial districts in paragraphs 118 through 137 of the amended complaint is supported only by the same sort of stale and nonspecific allegations this Court has already found are too vague to meet federal pleading requirements. *See* ECF No. 26, at 14-15.

[3] Although undersigned counsel will enter an appearance for the newly added defendants, the UJS is proceeding alone at this stage in requesting its dismissal, given that it was served with the amended complaint prior to the other defendants. Service for the remaining defendants occurred on June 1, 2023. Remaining defendants will submit a letter seeking a conference on a proposed motion to dismiss within the 21 days following service.

[4] As previously explained, Defendant UJS maintains a policy – prescribed in Pennsylvania's Rules of Judicial Administration and applicable to courts throughout the Commonwealth – "prohibit[ing] discrimination against any individual with a disability, as defined by [the ADA]." Pa.R.J.A. 250; *see also id.* Pa.R.J.A. 251 ("These rules shall apply to each UJS entity."). UJS leaders have also implemented extensive measures to infuse the state judicial system with safeguards for the rights

Particularly since the amended complaint cannot be fairly read to allege any systemwide violation of the rights of any complainant, Defendant urges the Court to dismiss the UJS from this action with prejudice, consistent with the substance of the Court's previous ruling.

Additionally, as explained in its original motion to dismiss and supporting brief, the Unified Judicial System also maintains that:

- Where the text of Title II of the ADA provides enforcement authority solely to any "person" alleging discrimination on the basis of a disability, the United States—which is not a person—lacks standing to pursue those remedies. *See* ECF No. 18, at 6-9.

- The immunity enjoyed by Defendant under the Eleventh Amendment to the United States Constitution should pertain at the systemic level, at least in the absence of some allegation of a material nexus to systemwide actions. *See* ECF No. 18, at 17-19. Eleventh Amendment immunity protects defendants from suffering the expense of preparing for and standing trial. *Accord Graber v. Doe II*, 59 F.4th 603, 608 (3d Cir. 2023).

- The United States has failed to plead, as required, that compliance cannot be secured by voluntary means. *See* ECF No. 18, at 21-24.

- The claims premised on the 2018 administrative order of the Court of Common Pleas of Jefferson County are untimely. *See* ECF No. 18, at 24-25.

Finally, the United States seeks to bootstrap venue into the Eastern District by naming two defendants (the UJS and the Supreme Court of Pennsylvania) which are remote from—and bear no liability for—the alleged violations occurring entirely at the local level in the Middle and Western Districts of Pennsylvania. Thus, the Court also may choose to dismiss the entire matter for improper venue. *See* 28 U.S.C. § 1406(a).

---

of Americans with disabilities to enjoy equal access to all entitlements and benefits extended to all others by the Commonwealth's judicial system.

Thank you for your consideration.

                                      Respectfully submitted,

                                      **/s/Geri Romanello St. Joseph**
                                      **GERI ROMANELLO ST. JOSEPH, ESQ.**
                                      Attorney I.D. No. PA84902
                                      **/s/ Robert Krandel**
                                      **ROBERT J. KRANDEL**
                                      Attorney I.D. No. PA 89485
                                      Administrative Office of PA Courts
                                      1515 Market Street, Suite 1414
                                      Philadelphia, PA 19102
                                      legaldepartment@pacourts.us
                                      (215) 560-6326, Fax: (215) 560-5486
                                      **Counsel for the Unified Judicial System of Pennsylvania**

GRS/RJK/lh

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | NO. 22-0709 |
| v. | : | |
| | : | |
| THE UNIFIED JUDICIAL SYSTEM OF PENNSYLVANIA | : | |
| | : | HON. MITCHELL S. GOLDBERG |
| | : | |
| *Defendant* | : | ***ELECTRONICALLY FILED*** |

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on June 5, 2023, she personally caused to be served upon the following a true and correct copy of the foregoing *Pre-Motion Letter*, via ECF to:

| | |
|---|---|
| **David W. Knight, Esquire**<br>Civil Rights Division<br>Disability Rights Section<br>USAO Program Coordinator<br>950 Pennsylvania Avenue, NW<br>4-CON<br>Washington, DC 20530<br>Email: david.knight@usdoj.gov | **Adam F. Lewis, Esquire**<br>DOJ-Crt<br>Civil Rights Division<br>4 Constitution Square<br>150 M Street NE<br>Washington, DC 20530<br>Email: adam.lewis@usdoj.gov |

**(See Signature on next page)**

| | |
|---|---|
| **JACQUELINE CHRISTINE ROMERO, ESQUIRE**<br>US ATTORNEY'S OFFICE<br>615 CHESTNUT STREET<br>PHILADELPHIA, PA 19106<br>Email: jacqueline.romero@usdoj.gov | **LAUREN E. DEBRUICKER, ESQ.**<br>United States Attorney's Office<br>Eastern District of Pennsylvania<br>615 Chestnut Street, Suite 1250<br>PHILADELPHIA, PA 19106<br>Email: Lauren.DeBruicker@usdoj.gov |

**MICHAEL J. BUTLER, ESQUIRE**
**U.S. ATTORNEYS OFFICE-MDPA**
228 Walnut Street, Suite 220
Harrisburg, Pa. 17108
Email: Michael.j.butler@usdoj.gov

/s/Geri Romanello St. Joseph
**GERI ROMANELLO ST. JOSEPH, ESQ.**
Attorney I.D. No. PA84902
/s/ Robert Krandel
**ROBERT J. KRANDEL**
Attorney I.D. No. PA 89485
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
legaldepartment@pacourts.us
(215) 560-6326, Fax: (215) 560-5486
**Counsel for the Unified Judicial System of Pennsylvania**