

Supreme Court of Pennsylvania
ADMINISTRATIVE OFFICE OF
PENNSYLVANIA COURTS
1515 Market Street, Suite 1414
Philadelphia, PA 19102
(215) 560-6326
www.pacourts.us

June 21, 2023

Hon. Mitchell S. Goldberg
United States District Court
Eastern District of Pennsylvania
United States Courthouse, Room 17614
601 Market Street
Philadelphia, PA 19106

   Re: *United States v. Unified Judicial System, et al.*,
      No. 22-cv-709 (E.D. Pa.)

Dear Judge Goldberg,

  Per the Court's protocol Order governing prospective motions to dismiss under Fed.R.Civ.P. 12(b), defendants the Supreme Court of Pennsylvania, the Blair County Court of Common Pleas, the Lackawanna County Court of Common Pleas, and the Jefferson County Court of Common Pleas request a pre-motion conference. Through undersigned counsel, defendant the Unified Judicial System (the "UJS") separately submitted a pre-motion letter on June 5, 2023, which is incorporated here by reference. *See* ECF No. 30.

  As explained in the UJS's letter, the United States seeks to overcome the dismissal of its action by adding the Supreme Court of Pennsylvania and four Pennsylvania judicial districts (which have no relevant connection to the Eastern District of Pennsylvania) as defendants. *See* ECF No. 28, at 4-5 ¶¶ 12-16. The Court should reject this tactic.

  With respect to the claim against the Supreme Court of Pennsylvania, the United States fails to present the essential allegation that the Supreme Court itself has denied equal services to or discriminated against anyone.[1] Rather, the United States claims only

---

[1] In fact, as the UJS has explained in its pre-motion letter, the Supreme Court of Pennsylvania maintains a robust anti-discrimination policy and the infrastructure for its enforcement. *See* ECF No. 30, at 2 n.4. The

Judge Goldberg
*U.S. v. U.J.S.*, No. 22-cv-709
June 21, 2023
Page 2

that the Supreme Court failed to exercise "sufficient" supervisory authority over four local judicial districts that allegedly committed violations. *See* ECF No. 28, at 34 ¶¶ 161-163.

But the ADA says nothing about exercising supervisory authority, let alone exercising supervisory authority on the order of whatever the United States may believe is sufficient.[2] Rather, Title II of the ADA prohibits a public entity from denying equal services to individuals or discriminating against them because of disabilities. *See* 42 U.S.C. § 12132. And the only public entities alleged to have committed actual violations are discrete local judicial districts. *See* ECF No. 28, at 35-36 ¶ 164.

Essentially, the United States seeks to impose vicarious liability on the Supreme Court of Pennsylvania for services-denials and discrimination allegedly committed by judicial districts. But—as previously explained in the UJS's brief supporting its original motion to dismiss—the relationship between the Supreme Court and local judicial districts is not the sort of agency relationship that gives rise to vicarious liability. *See* ECF No. 18, at 8-15 & nn. 3, 5.

Indeed, the United States can cite no case where a state supreme court has ever been held liable, based on a theory of inadequate supervision, for ADA violations committed by a local judicial district. And this Court can certainly envision the extraordinary consequences of such a ruling, in terms of the impact on high courts' time and resources, were they to be charged with answering for every asserted violation across the multitude of lower courts they supervise.

The United States also suggests no limiting principle relative to other federal enactments which, like the ADA, say nothing about this unprecedented conception of supervisory-authority liability. Thus, in addition to being unsupportable, the sort of unwritten liability-without-limits scheme envisioned by the United States is untenable.

In more colloquial terms, the Third Circuit has held the Supreme Court of Pennsylvania's administrative arm is not "a judicial back-seat driver" for county courts. *Geness v. AOPC*, 974 F.3d 263, 277 (3d Cir. 2020). Nor is the Supreme Court itself.[3]

---

United States' consistent efforts to downplay the Supreme Court's vigorous efforts cannot mask the United States' failure to allege any conduct on the Supreme Court's part that violates any term of the ADA.

[2] As this Court explained relative to the claims against the UJS, the United States has failed to identify any standard for which an entire judicial system may be held liable for the acts of its component courts. *See* ECF No. 26, at 14. In the same vein, the United States also fails to identify any standard by which a state Supreme Court can be held liable for alleged ADA violations by local judicial districts.

[3] Even in scenarios where there is an underlying agency relationship, the current direction of the United States Circuit Courts of Appeals is to conclude that Title II of the ADA doesn't allow vicarious liability. *See, e.g.*, *Jones v. City of Detroit*, 20 F.4th 1117, 1121 (6th Cir. 2021) (relying on the Supreme Court of the United States' holding in *Gebser v. Lago*, 524 U.S. 274

Judge Goldberg
*U.S. v. U.J.S.*, No. 22-cv-709
June 21, 2023
Page 3

    Moreover, Congress did not waive the immunity enjoyed by the Supreme Court of Pennsylvania under the Eleventh Amendment to the United States Constitution relative to an alleged failure to exercise sufficient supervisory authority. *See* ECF No. 18, at 17-19. And Eleventh Amendment immunity protects defendants from suffering the expense of preparing for and standing trial. *Accord Graber v. Doe II*, 59 F.4th 603, 608 (3d Cir. 2023).

    For the above reasons, the "Second Cause of Action" stated in the complaint, asserted against the Supreme Court of Pennsylvania, *see* at 34-35, ¶¶ 161-163, should be dismissed.

    Additionally, as explained in its original motion to dismiss and supporting brief, all defendants maintain that:

- Where the text of Title II of the ADA provides enforcement authority solely to any "person" alleging discrimination on the basis of a disability, the United States—which is not a person—lacks standing to pursue those remedies. *See* ECF No. 18, at 6-9.

- The United States has failed to plead, as required, that compliance cannot be secured by voluntary means. *See* ECF No. 18, at 21-24.

- Various of the United States' claims—particularly the claims premised on the 2018 administrative order of the Court of Common Pleas of Jefferson County—are untimely. *See* ECF No. 18, at 24-25.

    The defendant courts of common pleas also assert judicial immunity for all judicial decision making relative to the complainants and invoke the *Rooker-Feldman* doctrine, which serves as a jurisdictional bar to review of state court judgments where the relief sought is in the nature of appellate review. *See, e.g., Bakshi v. Bergen Cty. Superior Ct.*, 687 Fed. Appx. 215, 218 (3d Cir. 2017) (holding that the district court lacked jurisdiction over a plaintiff's claims that a state court violated his rights under the ADA by dismissing his case without granting him requested accommodations).

    Finally, the United States seeks to bootstrap venue into the Eastern District by naming two defendants (the UJS and the Supreme Court of Pennsylvania) which bear no liability for violations allegedly occurring entirely at the local level in the Middle and Western Districts of Pennsylvania. Thus, the Court also may choose to dismiss the entire matter for improper venue. *See* 28 U.S.C. § 1406(a).

---

(1998), that the Title VI remedies incorporated into Title II of the ADA do not operate vicariously).

Judge Goldberg
*U.S. v. U.J.S.*, No. 22-cv-709
June 21, 2023
Page 4

Thank you for your consideration.

                                  Respectfully submitted,

                                **/s/Robert J. Krandel**
                                **ROBERT J. KRANDEL**
                                Attorney I.D. No. PA89485
                                **GERI R. ST. JOSEPH**
                                Attorney I.D. No. PA84902
                                Supreme Court of Pennsylvania
                                Administrative Office of PA Courts
                                1515 Market Street, Suite 1414
                                Philadelphia, PA 19102
                                legaldepartment@pacourts.us
                                (215) 560-6300, Fax: (215) 560-5486
                                *Counsel for Defendant Unified Judicial System*