

**U.S. Department of Justice**

Civil Rights Division

---

*Disability Rights Section*
*4 Constitution Square*
*150 M St., NE*
*Washington, DC  20530*

June 28, 2023

Hon. Mitchell S. Goldberg
U.S. District Court for the Eastern District of Pennsylvania
601 Market Street, Room 17614
Philadelphia, PA  19106

   Re: <u>United States v. Unified Judicial System of Pennsylvania, et al.</u>, No. 2:22-cv-00709-MSG (E.D. Pa.)

Dear Judge Goldberg:

  Pursuant to the Court's 12(b) Procedural Order, the United States responds to the June 21, 2023, letter filed by the Supreme Court of Pennsylvania, and the Blair, Lackawanna, and Jefferson County Courts of Common Pleas.[1]  The Court should reject Defendants' proffered arguments because: (1) the Supreme Court of Pennsylvania is directly liable for violating Title II; (2) the United States' claims against the county courts are not barred by judicial immunity or *Rooker-Feldman*; and (3) venue is proper.[2]

  The Supreme Court of Pennsylvania is directly liable for violating Title II of the ADA by failing to ensure that UJS court supervision programs are equally accessible to individuals with opioid use disorder (OUD).  AC ¶¶ 12, 138–47.  Title II prohibits public entities from discriminating based on disability in their provision of "services, programs, or activities."  42 U.S.C. §§ 12121(1)(A)–(B), 12132.  "[T]he phrase service, program, or activity is extremely broad in scope and includes anything a public entity does."  *Disability Rts. N.J., Inc. v. Comm'r, N.J. Dep't of Hum. Servs.*, 796 F.3d 293, 301 (3d Cir. 2015) (internal quotation marks omitted).  And the Third Circuit has made clear that public entities may violate Title II not just through affirmative conduct but also by failing to act to ensure equal access to their programs for individuals with disabilities.  *See Furgess v. Pa. Dep't of Corr.*, 933 F.3d 285, 291–92 (3d Cir. 2019) (holding prisoner adequately alleged Title II violation where Pennsylvania Department of Corrections failed to provide him with an accessible shower); *cf. Delano-Pyle v. Victoria Cnty., Tex.*, 302 F.3d 567, 575 (5th Cir. 2002) (Title II plaintiff need not identify policy of discrimination where public entity failed to take necessary steps to ensure equal access).

---

[1] Defendant Northumberland County Court of Common Pleas is not listed as a movant.

[2] Defendants also reassert past arguments.  The United States incorporates by reference its prior arguments that: (1) it has authority to file suit to enforce Title II, Opp'n to Mot. to Dis. 19–25, ECF No. 21; Am. Compl. (AC) ¶¶ 8, 17, ECF No. 28; (2) it has adequately pled and satisfied all conditions precedent, Opp'n 15–16; AC ¶ 159; (3) its claim is not time barred, Opp'n 17–19; and (4) Defendants retain no sovereign immunity against the Federal Government, *id.* 14.

The Supreme Court of Pennsylvania is indisputably a public entity that provides various services, programs, and activities covered by Title II. Among those services is ensuring that all of Pennsylvania's citizens have equal access to the Commonwealth's courts and court programs—a service the Pennsylvania Constitution charges the Supreme Court with providing and for which it grants the Supreme Court necessary administrative and supervisory authority. *See In re Bruno*, 101 A.3d 635, 663–64 (Pa. 2014) (citing Pa. Const. art. V, § 10). In its own words, the Supreme Court's "principal obligations are to conscientiously guard the fairness and probity of the judicial process . . . for the protection of the citizens of this Commonwealth." *Id.* at 675. It has a "duty to keep all inferior tribunals within the bounds of their own authority." *Id.* at 670. And it bears the "ultimate responsibility" for the "proper administration and supervision" of the UJS. *Id.* at 671 (quoting *In re Avellino*, 690 A.2d 1138, 1144 n.7 (Pa. 1997)).

To further these important duties and responsibilities, the Supreme Court of Pennsylvania is entrusted with supervisory power over all UJS personnel and lower courts that is "beyond question." *See In re Bruno*, 101 A.3d at 678. This includes the power to prescribe and modify general rules governing "the administration of all courts," Pa. Const. art. V, § 10(a); 42 Pa.C.S. § 1722, as well as the power to override local rules in the "administration of problem-solving courts and their related treatment services," *see* 42 Pa.C.S. § 916(a). Indeed, the UJS and the Supreme Court of Pennsylvania have repeatedly admitted throughout this litigation, including in the instant letter, that the Supreme Court can and has prescribed rules applicable to the entire UJS aimed at preventing disability-based discrimination. *See, e.g.*, UJS Ltr. 2 n.4, ECF No. 30; Def's Mot. to Dis. 18–19; ECF No. 18; Def's Ltr. 1 n.1; ECF No. 38.

As detailed in the Amended Complaint, the Supreme Court of Pennsylvania has not fulfilled its responsibilities under the Pennsylvania Constitution—or its obligations under the ADA—to ensure that the Commonwealth's courts are fairly administering justice to individuals with OUD. AC ¶¶ 5, 12, 138–48. It has thereby directly violated Title II and is a proper defendant in this suit. *See Miller v. Little*, No. 22-cv-4264, 2023 WL 3674336, at *8 (E.D. Pa. May 25, 2023) ("[T]he proper defendant for a Title II ADA claim is the public entity or an individual who controls or directs the functioning of the public entity.")[3]

At bottom, the Supreme Court of Pennsylvania argues that requiring it to fulfill its self-described duties expressly entrusted to it by the Pennsylvania Constitution would unduly impose on the "high court[']s time and resources." Defs' Ltr. 2, ECF No. 38. There is no legal basis for that argument. *See Tenn. v. Lane*, 541 U.S. 509, 533 (2004) (holding in an ADA Title II case that "ordinary considerations of cost and convenience alone cannot justify a State's failure to

---

[3] Because the Supreme Court of Pennsylvania is directly liable for violating Title II, the Court need not address vicarious liability. Still, the Supreme Court could also be held vicariously liable for the discriminatory administrative policies of the county courts it supervises. The Supreme Court's citation to *Jones v. City of Detroit*, 20 F.4th 1117, 1221 (6th Cir. 2021) to suggest otherwise ignores the District Court's decision in *Geness v. Pennsylvania*, 503 F. Supp. 3d 318, 339-44 (W.D. Pa. 2020), *discussed in* U.S. June 12, 2023 Ltr. 2-3, ECF No. 37, and multiple decisions by other circuit and district courts—including this one—finding that vicarious liability is available under Title II. *See, e.g.*, *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1141 (9th Cir. 2001); *Delano-Pyle*, 302 F.3d at 574–75; *Waters v. Amtrak*, 456 F. Supp. 3d 666, 671 (E.D. Pa. 2020); *Guynup v. Lancaster Cnty.*, 2008 WL 4771852, at *1 (E.D. Pa. Oct. 29, 2008).

provide individuals with a meaningful right of access to the courts"). Nor does this action demand that the Supreme Court of Pennsylvania micromanage UJS Courts and personnel. It seeks to have the Supreme Court correct discriminatory administrative policies and practices and to prevent UJS Courts from engaging in such discrimination in the future. AC ¶¶ 140-47.[4]

Three of the Defendant county courts assert judicial immunity for all judicial decision making relative to the identified Complainants but cite no relevant authority, as required by the Court's 12(b) Procedural Order. To the contrary, judicial immunity is a personal defense, which is "not available in an official-capacity action involving claims against an entity *qua* entity." *McKivitz v. Twp. of Stowe*, 769 F. Supp. 2d 803, 818–19 (W.D. Pa. 2010) (rejecting zoning board's argument that it was entitled to quasi-judicial immunity from ADA suit challenging its denial of a zoning variance to a group home for individuals recovering from alcohol and drug addiction) (citing *Kentucky v. Graham*, 473 U.S. 159, 166–67 (1985) ("In an official-capacity action, [personal immunity] defenses are unavailable.")).

The county courts also incorrectly invoke the *Rooker-Feldman* doctrine as a jurisdictional defense. This doctrine bars federal district courts from reviewing final state court judgments but "is a narrow doctrine, confined to cases brought by state court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Lance v. Dennis*, 546 U.S. 459, 464 (2006) (internal quotations omitted); *see also Valenti v. Mitchell*, 962 F.2d 288, 297–98 (3d Cir. 1992) (finding *Rooker-Feldman* does not bar a suit in federal court by a party that was not a party in the preceding action in state court). The United States is not a "state court loser" as it was not a party to the state court proceedings regarding the Complainants. Nor is this action seeking "review and rejection" of the state-court judgments that caused the Complainants to be placed under court supervision; it is challenging administrative policies categorically applied to all individuals under court supervision. Accordingly, this suit is not barred by *Rooker-Feldman*.[5]

Lastly, venue is proper in the Eastern District of Pennsylvania, because all Defendants reside in Pennsylvania and two Defendants reside in this District. 28 U.S.C. § 1391(b)(1). Additionally, the Defendant county courts voluntarily authorized counsel to accept service in this District and thereby "unequivocally demonstrated waiver of the venue privilege." *Davis v. Smith*, 253 F.2d 286, 288–89 (3d Cir. 1958).

---

[4] Contrary to the suggestion that dire consequences would flow from holding a state supreme court accountable for failing to ensure equal access to the courts it supervises, the United States has entered multiple agreements with state supreme courts premised on their acknowledging exactly that type of accountability. *See, e.g.*, *Memo. of Understanding Between U.S. and La. Sup. Ct.* (May 10, 2019), https://perma.cc/33J5-R6XE; *Volun. Resol. Agreement Between U.S. and R.I. Judiciary* (Apr. 9, 2014), https://perma.cc/6622-GURV; *Memo. of Agreement Between U.S. and Co. Jud. Dep't* (June 28, 2011), https://perma.cc/M3PD-NQC4.

[5] Defendants' reliance on *Bakshi v. Bergen Cnty. Super. Ct.*, 687 Fed Appx. 215, 216–18 (3d Cir. 2017), is misplaced, as Bakshi was the losing party in state court and "expressly and repeatedly invited the District Court to review and overturn the state court order of dismissal."

Sincerely,

*/s/ David W. Knight*
MICHAEL J. BUTLER
LAUREN DeBRUICKER
DAVID W. KNIGHT
ADAM F. LEWIS
Counsel for the United States

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on June 28, 2023, he personally caused to be served on the following a true and correct copy of this letter, via ECF to:

Robert J. Krandel, Esq.
Geri R. St. Joseph, Esq.
Supreme Court of Pennsylvania
Administrative Office of Pennsylvania Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102

*Counsel for Defendants*

Dated: June 28, 2023

/s/ David W. Knight
DAVID W. KNIGHT
ADAM F. LEWIS
Civil Rights Division
Disability Rights Section
USAO Program Coordinators
950 Pennsylvania Avenue, NW
4-CON
Washington, DC  20530

*Counsel for the United States*